PAUL E. SALAMANCA
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF WASHINGTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-00224-SLG |
| | ) | |
| DAVID BERNHARDT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Federal Defendants

David L. Bernhardt, in his official capacity as Secretary of the Interior; United States

Department of the Interior ("DOI"); and United States Bureau of Land Management

("BLM"); plead as follows in response to Plaintiffs' Complaint, *see* ECF No. 1.

## <u>INTRODUCTION</u>

1. The allegations of the first sentence of paragraph 1 constitute Plaintiffs'

characterization of their case, to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations. The allegations of the second sentence of paragraph 1 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

2.     Defendants admit the allegations of paragraph 2 that the Arctic National Wildlife Refuge (Arctic Refuge) is America's largest national wildlife refuge. The term "wildest" as used in paragraph 2 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny that allegation. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis deny them.

3.     Defendants admit the allegations of paragraph 3 that the Arctic Refuge Coastal Plain (Coastal Plain) is approximately 1.56 million acres and provides habitat for caribou, polar bear, a threatened species under the Endangered Species Act, migratory birds, and other species. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and on that basis deny them.

4.     Defendants admit the allegations of paragraph 4 that the Arctic Ocean's Beaufort Sea is to the north and the Mollie Beattie Wilderness is to the south of the Coastal Plain, which is on the northeastern edge of the Arctic Refuge, and admit that the Gwich'in peoples refer to the Coastal Plain as Iizhik Gwats'an Gwandaii Goodlit, the "Sacred Place Where Life Begins".  The terms "fragile" and "particularly vulnerable" as

used in paragraph 4 are vague and ambiguous and Defendants cannot attribute knowledge to them, and on that basis deny the remaining allegations of paragraph 4.

5. The allegations of paragraph 5 appear to characterize Public Land Order (PLO) 2214 and the Alaska National Interest Lands Conservation Act (ANILCA), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

6. The allegations of paragraph 6 purport to characterize the Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, 131 Stat. 2054 (2017) (Tax Act), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

7. The allegations of first sentence of paragraph 7 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants deny the allegations of the second sentence of paragraph 7.

8. The allegations of paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

9. The allegations of paragraph 9 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, these allegations are denied, and Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## JURISDICTION AND VENUE

10. The allegations of paragraph 10 consist of legal conclusions, to which no

*State of Washington v. Bernhardt*
Defs.' Answer to Complaint

Case No. 20-cv-00224-SLG
3

Case 3:20-cv-00224-SLG   Document 50   Filed 11/17/20   Page 3 of 39

response is required. To the extent a response is required, these allegations are denied.

11.     The allegations of paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

12.     The allegations of paragraph 12 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

13.     The allegations of paragraph 13 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

14.     The allegations of paragraph 14 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

15.     The allegations of paragraph 15 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

16.     The allegations of paragraph 16 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## **PARTIES**

17.     The allegations of paragraph 17 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, these allegations are denied.

18.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis deny them.

19.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis deny them.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis deny them.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis deny them.

22.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis deny them.

23.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis deny them.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis deny them.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis deny them.

26.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis deny them.

27.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis deny them.

28.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis deny them.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis deny them.

30.     Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 30 and on that basis deny them.

31.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis deny them.

32.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis deny them.

33.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis deny them.

34.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis deny them.

35.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis deny them.

36.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis deny them.

37.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis deny them.

38.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis deny them.

39.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis deny them.

40.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis deny them.

41.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 and on that basis deny them.

42.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis deny them.

43.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on that basis deny them.

44.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44 and on that basis deny them.

45.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis deny them.

46.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 46 and on that basis deny them.

47.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47 and on that basis deny them.

48.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 48 and on that basis deny them.

49.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis deny them.

50.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50 and on that basis deny them.

51.    Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 51 and on that basis deny them.

52.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 and on that basis deny them.

53.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 53 and on that basis deny them.

54.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54 and on that basis deny them.

55.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 55 and on that basis deny them.

56.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on that basis deny them.

57.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis deny them.

58.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis deny them.

59.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis deny them.

60.     The phrase "bears responsibility" as used in paragraph 60 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny that allegation. Defendants admit the remaining allegations of paragraph 60.

61.     The phrase "bears responsibility" as used in paragraph 61 is vague and

ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny that allegation. Defendants admit the remaining allegations of paragraph 61.

62. Defendants note that BLM is a "bureau" within the Department of the Interior, and that the phrase "bears responsibility" as used in paragraph 62 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny that allegation. Defendants admit the remaining allegations of paragraph 62.

## BACKGROUND

63. The allegations of paragraph 63 purport to characterize PLO 2214, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

64. The allegations of paragraph 64 purport to characterize ANILCA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

65. The phrase "most biologically productive part" as used in the first sentence of paragraph 65 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the allegations of the first sentence. Defendants admit the allegations of the second sentence of paragraph 65 that the terrain of the Coastal Plain is comprised of mostly water or wetland and its wetland function and structure remain intact. Defendants deny the remaining allegations of the second sentence.

66. Defendants admit the allegations of the first sentence of paragraph 66 that along with caribou, polar bear, and other wildlife, more than 156 migratory bird species

depend on the Coastal Plain's ecosystem. Defendants deny the remaining allegations of the first sentence of Paragraph 66. Defendants admit the allegations of the second sentence of paragraph 66 that numerous bird species' migratory pathways include the Coastal Plain, other continents and the flyways of the continental United States, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of paragraph 66 and on that basis deny them.

67.     Defendants admit the allegations of paragraph 67 that the Arctic Refuge and its Coastal Plain have long-served as an important resource for scientific research, such as the study of migratory birds, within the National Wildlife Refuge System. Defendants deny the remaining allegations of Paragraph 67.

68.     The allegations of paragraph 68 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

69.     The allegations of paragraph 69 purport to characterize ANILCA and the National Wildlife Refuge System Administration Act (Refuge Act), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

70.     The allegations of paragraph 70 purport to characterize the Refuge Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

71.     The allegations of paragraph 71 purport to characterize the Refuge Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary

to its plain language, meaning, and context are denied.

72.     The allegations of paragraph 72 purport to characterize the Refuge Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

73.     The allegations of paragraph 73 purport to characterize the Refuge Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

74.     The allegations of paragraph 74 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

75.     The allegations of paragraph 75 purport to characterize ANILCA and PLO 2214, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

76.     The allegations of paragraph 76 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

77.     The allegations of paragraph 77 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

78.     The allegations of paragraph 78 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary

to its plain language, meaning, and context are denied.

79.     The allegations of paragraph 79 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

80.     The allegations of paragraph 80 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

81.     The allegations of paragraph 81 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

82.     Defendants admit that while the Coastal Plain program's contribution to global climate change is speculative, limited, and incremental in nature, this Decision may have potential environmental impacts associated with the potential development and continued use of fossil fuels, and otherwise deny the allegations of paragraph 82.

83.     The allegations of the first sentence of paragraph 83 purport to characterize the 2018 Intergovernmental Panel on Climate Change (IPCC) report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the second sentence of paragraph 83 that fossil fuel combustion is the largest source of greenhouse gas emissions from human activities in the United States and otherwise deny the remaining allegations.

84.     The allegations of paragraph 84 purport to characterize the 2018 IPCC

report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

85. The allegations of paragraph 85 purport to characterize the November 2018, Fourth National Climate Assessment, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

86. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 86 and on that basis deny them.

87. The phrase "these unburnable reserve estimates" as used in the first sentence of paragraph 87 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the allegations of the first sentence. The allegations of the second sentence of paragraph 87 purport to characterize the 2018 IPCC report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

88. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 88 and on that basis deny them.

89. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 89 and on that basis deny them.

90. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 90 and on that basis deny them.

91. Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations of the first and third sentences of paragraph 91 and on that basis deny them. Defendants admit the allegations of the second sentence of paragraph 91.

92.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 92 and on that basis deny them.

93.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 93 and on that basis deny them.

94.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 94 and on that basis deny them.

95.     Defendants admit the allegations of the first sentence of paragraph 95 that the Arctic ecosystem, including the Coastal Plain, is impacted by temperatures in Alaska that have been warming more rapidly than the global average.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 95 and on that basis deny them. Defendants admit the allegations of the second sentence of paragraph 95 that melting of sea ice, boreal wildfire, and reduction of snow cover and permafrost can be related to climate change, and otherwise deny the allegations.

96.     Defendants admit the allegations of the first sentence of paragraph 96 that annual average near-surface air temperatures have increased in Alaska and the Arctic, and otherwise lack information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.  Defendants admit the allegations of the second

sentence of paragraph 96 that thawing permafrost can result in release of carbon dioxide and methane, and otherwise lack information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.

97.     The allegations of paragraph 97 purport to characterize the final environmental impact statement (EIS), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

98.     The allegations of paragraph 98 purport to characterize the 2018 IPCC report and the final EIS, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

99.     The allegations of paragraph 99 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

100.    Defendants admit the allegations of the first sentence of paragraph 100. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 100 and on that basis deny them.

101.    The allegations of paragraph 101 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

102.    The allegations of paragraph 102 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary

to its plain language, meaning, and context are denied. The allegations of paragraph 102 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

103.    The allegations of paragraph 103 purport to characterize *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of paragraph 103 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

104.    The allegations of paragraph 104 purport to characterize *Pit River Tribe v. U.S. Forest Serv*., 469 F.3d 768, 781 (9th Cir. 2006), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of paragraph 104 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

105.    The allegations of paragraph 105 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 105 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

106. The allegations of paragraph 106 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of paragraph 106 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

107. The allegations of paragraph 107 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 107 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

108. The allegations of paragraph 108 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 108 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

109. The allegations of paragraph 109 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of paragraph 109 consist of legal conclusions, to which no response is required. To the extent a response is

required, these allegations are denied.

110.    The allegations of paragraph 110 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 110 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

111.    The allegations of paragraph 111 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 111 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

112.    The allegations of paragraph 112 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 112 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

113.    The allegations of paragraph 113 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best

evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 113 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

114.    The allegations of paragraph 114 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 114 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

115.    The allegations of paragraph 115 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 115 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

116.    The allegations of paragraph 116 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 116 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are

denied.

117. The allegations of paragraph 117 purport to characterize *Half Moon Bay Fisherman's Mktg. Ass'n v. Carlucci*, 857 F.2d 505, 510 (9th Cir. 1988), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of paragraph 117 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

118. The allegations of paragraph 118 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 118 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

119. The allegations of paragraph 119 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of paragraph 119 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

120. Defendants admit the allegations of paragraph 120.

121. Defendants admit the allegations of paragraph 121 that nearly all State

Plaintiffs submitted comments on the draft EIS, asserting various alleged inadequacies, and otherwise deny the allegations. The allegations of paragraph 121 purport to characterize Plaintiffs' comments on the draft EIS, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

122. The allegations of paragraph 122 purport to characterize public comments on the draft EIS, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

123. Defendants admit the allegations of paragraph 123.

124. Defendants admit the allegations of paragraph 124.

125. The allegations of paragraph 125 purport to characterize the record of decision (ROD), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

126. The allegations of paragraph 126 appear to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

127. Defendants admit the allegations of the first sentence of paragraph 127. The allegations of the second sentence of paragraph 127 appear to characterize the ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the

allegations of the third sentence of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

129.    The allegations of paragraph 129 purport to characterize the ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

130.    The allegations of paragraph 130 purport to characterize the ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

131.    The allegations of paragraph 131 purport to characterize the ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

132.    Defendants deny the allegations of paragraph 132 that the ROD "adopts an interpretation of the rights-of-way provision that overrides the 2,000 acre surface development limit[.]" The remaining allegations of paragraph 132 purport to characterize the ROD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

133.    The allegations of paragraph 133 purport to characterize the ROD and final EIS, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny any allegations of paragraph 133 that the ROD and final EIS were deficient in any way.

134.    Defendants deny the allegations of paragraph 134.

135.    The allegations of paragraph 135 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

136.    The allegations of paragraph 136 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

137.    Defendants deny the allegations of paragraph 137.

138.    The allegations of the first sentence of paragraph 138 appear to characterize the final EIS, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 138 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

139.    Defendants admit the allegations of paragraph 139 that each action alternative could have an impact on the ecology, wildlife, wilderness, and recreational values of the Arctic Refuge, including to migratory bird populations, and otherwise deny the remaining allegations of paragraph 139.

140.    Defendants admit the allegations of paragraph 140 that each action alternative could have an impact on greenhouse gas emissions, the climate, and the hydrology and habitat of the Coastal Plain, and otherwise deny the remaining allegations of paragraph 140.

141.     Defendants deny the allegations of paragraph 141.

142.     The allegations of paragraph 142 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

143.     Defendants deny the allegations of paragraph 143.

144.     The allegations of paragraph 144 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

145.     Defendants admit the allegations of paragraph 145 that the final EIS discloses the possibility of impacts associated with direct and indirect greenhouse gas emissions, and otherwise deny the allegations of paragraph 145.

146.     The allegations of paragraph 146 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

147.     The allegations of paragraph 147 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

148.     The allegations of paragraph 148 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

149.     The allegations of paragraph 149 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

150.     The allegations of paragraph 150 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

151.     The allegations of paragraph 151 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

152.     Defendants deny the allegations of paragraph 152.

153.     Defendants admit the allegations of paragraph 153 that eventual development of Coastal Plain oil and gas will involve various challenges and related expense, including remote location(s), environmental conditions, and lack of existing infrastructure. The term "particularly" as used in paragraph 153 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the remaining allegations of paragraph 153.

154.     The allegations of paragraph 154 appear to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

155.     Defendants deny the allegations of the first and second sentences of paragraph 155. The allegations of the third sentence of paragraph 155 appear to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

156.     The allegations of the first sentence of paragraph 156 consists of Plaintiffs'

speculation and opinion, the truth as to which Defendants lack sufficient knowledge or information to form a belief, and on that basis Defendants deny them. Defendants deny the allegations of the second sentence of paragraph 156.

157. The allegations of paragraph 157 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

158. Defendants deny the allegations of paragraph 158.

159. The allegations of paragraph 159 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

160. Defendants admit the allegations of paragraph 160 that the social cost of carbon was a federally developed tool to assist agencies in evaluating the benefits of reducing carbon dioxide, and otherwise deny the allegations.

161. The allegations of the first sentence of paragraph 161 purport to characterize the final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 161 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

162. Defendants deny the allegations of paragraph 162.

163. Defendants admit the allegations of paragraph 163 that methane's potential

to trap heat in the atmosphere is many times greater than carbon dioxide, and otherwise deny the allegations.

164. Defendant's admit the allegations in paragraph 164 that methane contributes to climate change impacts, and otherwise deny the allegations.

165. Defendants deny the allegations of paragraph 165.

166. The allegations of paragraph 166 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

167. Defendants deny the allegations of paragraph 167.

168. Defendants deny the allegations of paragraph 168.

169. Defendants deny the allegations of paragraph 169.

170. Defendants admit the allegations of paragraph 170 that following Congress' authorization of the Leasing Program, lead experts from BLM, FWS, and other agencies identified actions to implement successfully the Leasing Program, including conducting studies to obtain the best available science and gathering baseline data necessary to assess potential impacts of development. Defendants deny the remaining allegations of paragraph 170.

171. Defendants deny the allegations of paragraph 171.

172. The allegations of paragraph 172 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

173. The allegations of paragraph 173 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

174.     Defendants deny the allegations of paragraph 174.

175.     Regardless of the age of data relied upon, Defendants deny the allegations of paragraph 175 that they relied upon stale data. Defendants deny any remaining allegations of paragraph 175.

176.     Defendants admit the allegations of paragraph 176 that decisions involving the Leasing Program will involve consideration of various information including geographic, population, and impact data. Defendants deny the remaining allegations of paragraph 176.

177.     Defendants deny the allegations of paragraph 177.

178.     Defendants deny the allegations of paragraph 178.

## CLAIMS FOR RELIEF

179.     The allegations of paragraph 179 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

180.     The allegations of paragraph 180 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

181.     The allegations of the first sentence of paragraph 181 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 181 and on that basis deny them.

182.     Defendants admit the allegations of the first sentence of paragraph 182

*State of Washington v. Bernhardt*
Defs.' Answer to Complaint

Case No. 20-cv-00224-SLG
28

Case 3:20-cv-00224-SLG   Document 50   Filed 11/17/20   Page 28 of 39

that environmental effects can occur across political borders, and otherwise deny the allegations. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the remaining sentences of paragraph 182 and on that basis deny them.

183.    The allegations of the first and second sentences of paragraph 183 purport to characterize the final EIS and ROD, respectively, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny the allegations of the remaining sentences of paragraph 183.

184.    Defendants admit the allegations of paragraph 184 that numerous bird species' migratory pathways include the Coastal Plain, other continents and the flyways of the continental United States, and that the Coastal Plain provides important habitat for many of these species, and otherwise deny the allegations of paragraph 184.

185.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 185 and on that basis deny them. Defendants deny the allegations of the second sentence of paragraph 185.

186.    The allegations of the first sentence of paragraph 186 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants admit the allegations of the second sentence of paragraph 186. The allegations of the third sentence of paragraph 186 consist of

legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants deny the allegations of the fourth sentence of paragraph 186.

187.　The allegations of paragraph 187 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied, and Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## FIRST CAUSE OF ACTION

188.　The responses to paragraphs 1 through 187 are incorporated here by reference.

189.　The allegations of paragraph 189 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

190.　The allegations of paragraph 190 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

191.　The allegations of paragraph 191 purport to characterize *Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

*State of Washington v. Bernhardt*
Defs.' Answer to Complaint

Case No. 20-cv-00224-SLG
30

Case 3:20-cv-00224-SLG   Document 50   Filed 11/17/20   Page 30 of 39

192.    The allegations of paragraph 192 purport to characterize the Refuge Act and ANILCA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

193.    The allegations of paragraph 193 purport to characterize ANILCA, PLO 2214, and Tax Act, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

194.    The allegations of paragraph 194 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

195.    The allegations of paragraph 195 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

196.    The allegations of paragraph 196 purport to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

197.    The allegations of paragraph 197 purport to characterize the Refuge Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

198.    The allegations of paragraph 198 purport to characterize ANILCA and

Refuge Act implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

199.    The allegations of paragraph 199 purport to characterize the Refuge Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

200.    The allegations of paragraph 200 purport to characterize Refuge Act implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

201.    The allegations of paragraph 201 purport to characterize the Refuge Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

202.    The allegations of paragraph 202 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

203.    The allegations of paragraph 203 purport to characterize the Refuge Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

204.    The allegations of paragraph 204 purport to characterize the Refuge Act, which speaks for itself and provides the best evidence of its contents. Any allegations

contrary to its plain language, meaning, and context are denied.

205.    The allegations of paragraph 205 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

206.    The allegations of paragraph 206 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## SECOND CAUSE OF ACTION

207.    The responses to paragraphs 1 through 206 are incorporated here by reference.

208.    The allegations of paragraph 208 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

209.    The allegations of paragraph 209 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

210.    The allegations of paragraph 210 purport to characterize NEPA and the referenced implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

211.    The allegations of paragraph 211 purport to characterize NEPA and the

referenced implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

212. The allegations of paragraph 212 purport to characterize the Refuge Act and ANILCA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

213. Defendants deny the allegations of paragraph 213.

214. The allegations of paragraph 214 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

215. Defendants deny the allegations of paragraph 215.

216. The allegations of paragraph 216 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

217. The allegations of paragraph 217 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## THIRD CAUSE OF ACTION

218. The responses to paragraphs 1 through 217 are incorporated here by reference.

219.     The allegations of paragraph 219 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

220.     The allegations of paragraph 220 purport to characterize *Methow Valley Citizens Council*, 490 U.S. at 350, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

221.     The allegations of paragraph 221 purport to characterize NEPA and the referenced implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

222.     The allegations of paragraph 222 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

223.     Defendants deny the allegations of paragraph 223.

224.     Defendants deny the allegations of paragraph 224.

225.     Defendants deny the allegations of paragraph 225.

226.     The allegations of paragraph 226 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## FOURTH CAUSE OF ACTION

227.    The responses to paragraphs 1 through 226 are incorporated here by reference.

228.    The allegations of paragraph 228 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

229.    The allegations of paragraph 229 purport to characterize the referenced NEPA implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

230.    The allegations of paragraph 230 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

231.    The allegations of paragraph 231 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

232.    The allegations of paragraph 232 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

233.    The allegations of paragraph 233 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are

denied.

234.    The allegations of paragraph 234 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## FIFTH CAUSE OF ACTION

235.    The responses to paragraphs 1 through 234 are incorporated here by reference.

236.    The allegations of paragraph 236 purports to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

237.    The allegations of paragraph 237 purports to characterize the Tax Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

238.    The allegations of paragraph 238 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

239.    The allegations of paragraph 239 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

240.    The allegations of paragraph 240 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are

denied.

241.    The allegations of paragraph 241 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

242.    The allegations of paragraph 242 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## RELIEF REQUESTED

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs lack standing to bring some or all of their claims.

3.    Some Plaintiffs have failed to exhaust administrative remedies.

4.    Plaintiffs have failed to properly establish subject matter jurisdiction.

5.    Plaintiffs have failed to demonstrate that some or all of their claims are ripe

for judicial review.

DATED:  November 17, 2020.  PAUL E. SALAMANCA
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Idaho Bar No. 4759
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
Paul A. Turcke